515 So.2d 1080 (1987)
FIRST GUARANTY BANK OF HAMMOND
v.
ATTORNEYS LIABILITY ASSURANCE SOCIETY, LTD., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, et al.
No. 87-C-1049.
Supreme Court of Louisiana.
November 30, 1987.
*1081 Robert E. Leake, Jr., Alan Dean Weinberger, Hammett, Leake & Hammett, New Orleans, Glen G. Reid, Wildman, Harrold, Allen, Dixon & McDonnell, Memphis, Tenn., for applicant.
William Christovich, Joseph Ballard, Christovich & Kearney, Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for respondents.
MARCUS, Justice.
First Guaranty Bank of Hammond (First Guaranty) filed this suit against the law firm of Jones, Walker, Waechter, Poitevent, Carrere & Denegre (Jones Walker) alleging legal malpractice. Attorneys' Liability Assurance Society, Ltd. (ALAS) was also made a defendant as the professional liability insurance carrier for Jones Walker pursuant to Louisiana's Direct Action Statute, La.R.S. 22:655.
ALAS, a mutual insurance society organized under the laws of Bermuda, filed a declinatory exception of lack of jurisdiction over the person of ALAS. La.Code Civ.P. art. 925(5). First Guaranty had relied on La.R.S. 22:1253(A) as a basis for jurisdiction over the person of ALAS and had served the Secretary of State using the procedure prescribed by section 1253(B). La.R.S. 22:1253(A) provides that the "transacting of business" in this state by an alien insurer without a certificate of authority is equivalent to the insurer appointing the Secretary of State as its agent for service of process. ALAS argued it was not "transacting an insurance business in this state" as defined by La.R.S. 22:1249(A) and that even if it was, its activities were covered by exception eight in Section 1249(B).[1] Therefore, ALAS argued it could not be served pursuant to La.R.S. 22:1253. ALAS also argued that the assertion of jurisdiction over the person of ALAS by a Louisiana court would violate due process. After a hearing, the trial judge sustained the exception of lack of jurisdiction over the person of ALAS and dismissed First Guaranty's claim against ALAS. The court of appeal affirmed.[2] It reasoned that personal jurisdiction over nonresident insurers is governed solely by the Insurance Code and that ALAS was not "transacting business" in the state within the meaning of section 1253 because its activities were covered by exception eight in section 1249(B). As a result, ALAS was not subject to the jurisdiction of the trial court. On First Guaranty's application, we granted certiorari to review the correctness of that decision.[3]
The sole issue presented for our review is whether the trial court has jurisdiction over the person of ALAS.
In order for a Louisiana court to exercise personal jurisdiction over a non-resident *1082 defendant, there must be a state statute that authorizes the court to do so and the exercise of personal jurisdiction over the particular nonresident defendant must not offend the "traditional notions of fair play and substantial justice" embodied in the due process clause of the fourteenth amendment. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Petroleum Helicopters, Inc. v. AVCO Corporation, 513 So.2d 1188 (La.1987).
A brief history of Louisiana's long-arm statute is necessary to resolve the issue before us. When Louisiana's long-arm statute, La.R.S. 13:3201, was first enacted in 1964, it provided:
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
(e) having an interest in, using, or possessing a real right or immovable property in this state.
One of the comments of the Louisiana Law Institute in 1964 stated in part:
It was not felt necessary to extend this section to insurance. Under R.S. 22:1253(A), there is an implied appointment of the Secretary of State as the agent for the service of process on any foreign or alien insurer which is not qualified to do business in Louisiana, but which transacts business in this state....[[4]]
Prior to the 1987 amendment, the long-arm statute had been amended several times to add other activities to the list, but nothing was ever added specifically to cover nonresident insurers.[5] Even though La. R.S. 22:1253(D) provides that "[n]othing in this Section contained shall limit or abridge the right to serve any process, notice or demand upon any insurer in any other manner now or hereafter permitted by law," there was arguably no other statute besides *1083 1253(A) that provided for jurisdiction over ALAS until the 1987 amendment to the long-arm statute.
In 1987, the Louisiana Legislature amended La.R.S. 13:3201 (the long-arm statute) by adding the following subsection:
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.[[6]]
The addition of Subsection B makes other statutes (like La.R.S. 22:1253(A)) that assert personal jurisdiction over nonresident defendants unnecessary. "Now, under the express wording of the present Louisiana Long-arm Statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements." Petroleum Helicopters, 513 So.2d at 1192. If personal jurisdiction over a particular nonresident defendant meets the constitutional requirements of due process, then the assertion of that jurisdiction by a Louisiana court is authorized under the long-arm statute. Because the long-arm statute pertains to jurisdiction and procedure, it may be applied retroactively. Petroleum Helicopters, 513 So.2d 1192; McBead Drilling Co. v. Kremco, Ltd., 509 So.2d 429 (La.1987).
Therefore, the narrow issue before this court is whether the assertion of personal jurisdiction over ALAS by a Louisiana court would offend "traditional notions of fair play and substantial justice" embodied in the due process clause of the fourteenth amendment. International Shoe, 326 U.S. 310, 66 S.Ct. 154. Accordingly, it is not necessary to review the court of appeal's determination that ALAS is not "transacting an insurance business in this state" within the meaning of La.R.S. 22:1249. It is certainly possible for a nonresident insurer to have sufficient "minimum contacts" with Louisiana for purposes of personal jurisdiction and yet not be "transacting the business of insurance in this state" as defined by the Insurance Code.
ALAS is a mutual insurance society organized under the laws of Bermuda. When ALAS was originally formed in 1979, it had 35 member firms nationwide.[7] Jones Walker was an original member firm and a Jones Walker partner (Mr. Robert B. Acomb, Jr.) has been on the Board of Directors of ALAS since the formation of the company.
In 1979, Jones Walker sent a telex to ALAS in Bermuda requesting information on legal malpractice coverage for the firm. It subsequently received an application for membership from Bermuda. Jones Walker completed the application in New Orleans and sent it back to Bermuda for approval. The procedure for the renewal of Jones Walker's policy, the payment of premiums, and the delivery of the policy has been the same every year since then. A renewal application is sent from Bermuda to New Orleans where it is completed and returned to Bermuda. The yearly premiums are wired from Jones Walker's bank in New Orleans to ALAS's bank in Bermuda and Mr. Acomb picks up Jones Walker's policy at ALAS's annual meeting which is always held outside of the United States. Although ALAS does not directly solicit business in Louisiana,[8] ALAS was the professional liability insurer for four Louisiana firms consisting of more than 300 attorneys in 1984.[9] The procedures followed by Jones Walker are presumably followed by the other Louisiana member firms because these procedures were the ones that were *1084 established when ALAS was originally organized.
In order for the exercise of jurisdiction over ALAS to be constitutionally permissible, ALAS must have sufficient "minimum contacts" with Louisiana so that the exercise of jurisdiction is reasonable and just. ALAS only has to have "minimum contacts" because First Guaranty's cause of action against ALAS "arises out of" or "relates to" ALAS contacts with Louisiana as Jones Walker's insurer.[10] The United States Supreme Court has stated that jurisdiction is proper when the defendant's contacts with the forum are the result of the defendant entering into a contract that has a "substantial connection" with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The professional indemnity policy in this case has a "substantial connection" with Louisiana. The risk covered by the policy is centered in Louisiana. The assured attorneys are citizens and residents of Louisiana who primarily practice law in Louisiana. ALAS has purposefully accepted and approved Jones Walker's application every year and has created "continuing obligations" between itself and residents of Louisiana. Burger King, 471 U.S. at 476, 105 S.Ct. at 2184. Therefore, it cannot be said that the indemnity policy resulted from "the unilateral activity of another party or a third person." Helicopteros, 466 U.S. at 418, 104 S.Ct. at 1874. Moreover, ALAS's contacts with Louisiana as Jones Walker's insurer are not "fortuitous" or "isolated." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The contacts are not fortuitous because ALAS purposefully undertook the obligation of being the professional liability insurance carrier for Jones Walker which is and always has been located in Louisiana. The contacts are not isolated because it also insures a number of other Louisiana law firms. ALAS receives substantial premiums from the Louisiana firms. Over the last five years, it has received more than $540,000 in premiums from Jones Walker alone. Additionally, in 1986, ALAS arranged[11] for a Mr. Robert O'Malley to come to New Orleans and meet with the various Louisiana member firms to advise them on means and procedures to reduce the potential of professional liability claims. Mr. O'Malley was in New Orleans between March 31, 1986 and April 4, 1986. Even if Mr. O'Malley had not come to Louisiana, an absence of physical contacts does not automatically prevent personal jurisdiction. The United States Supreme Court recently stated:
Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there. [Citations omitted.]
Burger King, 471 U.S. at 476, 105 S.Ct. at 2184.
The facts of this case warrant our conclusion that ALAS had sufficient minimum contacts in Louisiana to subject it to the jurisdiction of the trial court. The exercise of personal jurisdiction over ALAS by the trial court would be reasonable and just. Although Louisiana's Direct Action Statute *1085 does not provide a basis of personal jurisdiction,[12] it does add to the foreseeability that a nonresident insurer will be haled into court in Louisiana. ALAS's connection with Louisiana as the insurer of a large number of Louisiana attorneys is such that ALAS should have reasonably anticipated being haled into court in Louisiana if one of its assured firms was sued for alleged malpractice. The exercise of jurisdiction over the person of ALAS in this case will not offend "traditional notions of fair play and substantial justice."

DECREE
For the reasons assigned, the judgment of the court of appeal affirming the dismissal of First Guaranty Bank of Hammond's claim against Attorneys' Liability Assurance Society, Ltd. is reversed. Attorneys' Liability Assurance Society's exception of lack of jurisdiction over the person is overruled. The case is remanded to the district court for further proceedings in accordance with law.
WATSON, J., dissents. ALAS has done everything possible to escape personal jurisdiction except to provide malpractice insurance for certain lawyers. This alone does not impose jurisdiction.
NOTES
[1] La.R.S. 22:1249(B)(8) provides:

B. This section shall not apply to:
(8) Transactions involving risks located in this state where the policy or contract of insurance for such risk was principally negotiated and delivered outside this state, and was lawfully issued in a state or foreign country in which the foreign or alien insurer was authorized to do an insurance business, and where such insurer has no contact with this state except in connection with inspections or losses required by virtue of the contract or policy of insurance covering the risk located in this state.
[2] 506 So.2d 595 (La.App. 4th Cir.1987).
[3] 508 So.2d 56 (La.1987).
[4] La.R.S. 22:1253 had been enacted prior to the enactment of the long-arm statute. Statutes like La.R.S. 22:1253 and the nonresident motorist statute (La.R.S. 13:3474) that use the fiction of implied consent to appoint the Secretary of State as the agent for service of process were very common at that time as a means of exercising jurisdiction over certain nonresident defendants.
[5] Prior to the 1987 amendment, the long-arm statute provided:

A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi-offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi-offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream or commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
La.R.S. 13:3201 (1984).
[6] The 1987 Comment to La.R.S. 13:3201 reads:

The addition of Subsection (B) to this statute ensures that the long-arm process extends to the limits allowed by due process, while retaining a valuable list of specific examples of contacts sufficient to give rise to in personam jurisdiction.
[7] In order to be a member, the firm must have at least 40 attorneys. By 1986, ALAS's nationwide membership had grown to approximately 295 firms.
[8] When a new firm wants to become a member, it must contact ALAS in Bermuda by telephone or by mail.
[9] At oral argument, counsel for First Guaranty stated that ALAS presently insures 13 Louisiana firms consisting of more than 600 attorneys.
[10] When the cause of action does not "arise out of" or "relate to" the nonresident defendant's contacts with the forum, the defendant's contacts must be of a "continuous and systematic" nature. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984).
[11] Mr. O'Malley is on an annual retainer to ALAS. ALAS refers to Mr. O'Malley as an independent contractor as opposed to an employee or an agent. This distinction is of no merit because he was clearly in New Orleans on behalf of ALAS.
[12] The Direct Action Statute provides a right of action against the insurance carrier. It is not jurisdictional. "[A]n independent basis of jurisdiction must exist before a nonresident insurer can be sued under the Direct Action Statute." Jones v. MFA Mutual Insurance Co., 398 So.2d 10, 11 (La.App. 3d Cir.1981), writ denied, 399 So.2d 586 (La.1981).