**TRAVELERS INDEMNITY CO.,**
Plaintiff–Appellee,

v.

**ATLANTIC EXPRESS LINE, et al., Defendants,**

**Pacindat Mutual Protection & Indemnity Association, Ltd.,**
Defendant–Appellant.

No. 86–3927.

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1988.

Walter Carroll, Jr., Terriberry, Carroll & Yancey, New Orleans, La., for defendant-appellant.

Gino John Rendeiro, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for plaintiff-appellee.

Before REAVLEY, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

■ This appeal challenges the exercise by the district court of personal jurisdiction over an alien insurance company. We are asked to decide whether Louisiana law provides for service of process by mail upon a defendant insurance company at its corporate headquarters in Bermuda. With *First Guaranty Bank v. Attorney's Liability Assurance Society, Ltd.*, 515 So.2d 1080 (La.1987), the Louisiana Supreme Court effectively settled this issue. Hence we affirm the district court's finding of adequate service of process. Ordinarily we would then proceed to the issue of whether Louisiana's exercise of personal jurisdiction over Pacindat Mutual Protection & Indemnity Association, Ltd. ("Pacindat"), the alien insurer, satisfies federal due process requirements. Appellants raised the due process issue at trial but did not "get to it" during trial. The issue was not raised by appellant either in its brief or oral argument on appeal. Consequently, any due process claim based upon a lack of minimum contacts has been waived. Fed.R. App.P. § 28(a)(4); *In re Texas Mortgage Services Corp.*, 761 F.2d 1068, 1073 (5th Cir.1985).

## I.

This action was brought to recover cargo damages and shortages pursuant to various clean bills of lading which incorporated by reference The Carriage of Goods by Sea Act (COGSA) 46 U.S.C. § 1300, *et seq.* Five shipments of lard were shipped from New Orleans, Louisiana to Belize City, Belize Central America, in 1983–84 on the M/V FREEPORT EXPRESS owned by Atlantic Express Line ("Atlantic") and Terra Marine Agencies ("Terra"). The lard arrived in bad order. Travelers Indemnity Co. ("Travelers"), the subrogated cargo underwriter, sued Pacindat, underwriter for the M/V FREEPORT EXPRESS, as a direct defendant on its insurance policy.[1] Travelers served mail process on Pacindat at its corporate headquarters in Hamilton, Bermuda, pursuant to the Louisiana Long–Arm Statute, La.Rev.Stat.Ann. 13:3201 *et seq.* (West 1978).

Pacindat timely opposed the exercise of Louisiana's jurisdiction over it. After a pretrial conference, the district judge found personal jurisdiction and service of process on Pacindat to be proper. The district court held a bench trial finding Pacindat liable as an underwriter for negligent stowing and mishandling of the lard. Travelers was awarded $56,738.01, together with costs and legal interest, with a credit of $20,000 representing a $5,000 insurance policy deductible on each of the losses being applied. Pacindat appeals claiming service of process was improper as failing to comply with the Louisiana Insurance Code, La.Rev.Stat.Ann. 22:1253 A (West 1978).

## II.

The issue of personal jurisdiction involves a dual inquiry into (1) proper service of process under Fed.R.Civ.P. 4 and relevant state law provisions, and (2) federal constitutional due process considerations described in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and the line of cases that has followed.[2] Appellant's entire argument is limited, however, to the claim that service of process on Pacindat by Travelers was improper. Hence we consider only

---

1. Travelers initially sued Atlantic and Terra. Both were insolvent and neither filed responsive pleadings, so the district court dismissed them. Travelers joined as defendants Through Transport Mutual Insurance Association, Ltd. as the liability underwriter of Atlantic and Terra. Travelers also joined as defendant's Pacindat (P & I) Management, Ltd. as the protection and indemnity underwriter of Atlantic and Terra. Both Through Transport Mutual Insurance Association and Pacindat (P & I) Management, Ltd. were voluntarily dismissed from this suit for reasons which do not appear in the record.

2. *E.g., McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *World–Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

that aspect of Louisiana's exercise of personal jurisdiction over Pacindat.

Pacindat is a protection and indemnity insurer incorporated and located in Bermuda. It contracted with Atlantic to insure cargo shipped aboard the M/V FREEPORT EXPRESS. Louisiana has a direct action statute under which an insurer may be sued directly, rather than indirectly through the insured. La.Rev.Stat.Ann. 22:655 (West 1978). Travelers sued Pacindat under this statute. Pacindat claims the method of service of process in direct actions must conform with that set out in the Louisiana Insurance Code. The Code in terms provides for an alien insurer to be served with process through the Secretary of State. La.Rev.Stat.Ann. 22:1253 (A) (West 1978). Pacindat claims that this method excludes other forms of service under Louisiana law. Travelers counters by urging that § 1253 (D) provides for service by "any other method"[3] and that Louisiana Long–Arm provisions specifically allow service of process by mail.[4]

The Supreme Court of Louisiana has effectively resolved the service of process issue posed by the parties. The case is *First Guaranty Bank v. Attorney's Liability Assurance Society, Ltd.,* 515 So.2d 1080 (La.1987). In *First Guaranty,* a legal malpractice action, the plaintiff sued the defendants' insurer under Louisiana's direct action statute, just as the plaintiff in this case sued Pacindat. Unlike this case, however, the plaintiff in *First Guaranty* served process on the insurer using the procedures set forth in the Louisiana direct action statute, by forwarding a copy of the complaint to the Secretary of State as

agent for the insurer. The insurer challenged personal jurisdiction, arguing that it had not been "transacting business" in the state, a prerequisite to use of the direct action statute.

The Louisiana Supreme Court ruled that the state's long-arm statute, which permits jurisdiction to the constitutional limits of due process, supercedes the direct action statute; in other words, an insurer subject to jurisdiction under the long-arm statute need not also be subject to jurisdiction under the direct action statute. Although the issue in *First Guaranty* was due process, and not service of process, the case carries the strong implication that the procedures under the long-arm statute may be used instead of the procedures provided by the direct action statute.[5]

We follow *First Guaranty;* jurisdiction over Pacindat is governed by the Louisiana Long Arm Statute which provides for service of process by mail. We hold that Travelers properly served process upon Pacindat by mailing a copy of the complaint to Pacindat's office in Bermuda.

AFFIRMED.

---

**3.** La.Rev.Stat.Ann. 22:1253 D states:
   D. Nothing in this Section contained shall limit or abridge the right to serve any process, notice or demand upon any insurer in any other manner now or hereafter permitted by law.

**4.** La.Rev.Stat.Ann. 13:3204, states:
   A certified copy of the citation and of the petition in a suit under R.S. 13:3201 [the Louisiana Long Arm Statute] shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place

where the service is made to serve the process of any of its courts of general jurisdiction.
   Service of process so made has the same legal force and validity as personal service on the defendant in this state.

**5.** "The addition of Subsection B [extending long-arm jurisdiction to the limits of due process] makes other statutes (like R.S. 22:1253(A)) that assert personal jurisdiction over a nonresident defendant unnecessary." *First Guaranty, supra,* 515 So.2d at 1083 (R.S. 22:1253(A) is the provision of the direct action statute that provides for service of process upon a nonresident insurer through the Secretary of State).