732 So.2d 796 (1999)
Sean P. CALAHAN and Spencer H. Calahan, Plaintiffs Appellants,
v.
Richard H. HASPEL and Lori L. Haspel, Defendants Appellees.
No. 99-44.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1999.
*797 P. Charles Calahan, New Iberia, for Jean P. Calahan, et al.
Francis X. Neuner, Jr., Clayton, Mo, Kevin P. Merchant, Lafayette, for Richard H. Haspel et ux.
Before YELVERTON, THIBODEAUX, and SULLIVAN, Judges.
SULLIVAN, Judge.
Sean P. and Spencer H. Calahan appeal the dismissal of their suit against Richard H. and Lori L. Haspel, pursuant to an exception of lack of personal jurisdiction. For the following reasons, we affirm.

FACTS
Plaintiffs, who reside in Iberia Parish, Louisiana, own a house situated in Dallas, Texas, which they advertised for sale in a Dallas newspaper. Defendants, residents of Texas, contacted Plaintiffs or their representatives, who were in Dallas showing the house to prospective buyers. Defendants viewed the house, then negotiated a lease with an option to purchase the house with Plaintiffs. Defendants paid a deposit and commenced making rental payments. Defendants made rental payments to Plaintiffs in New Iberia, Louisiana, by mail, express delivery service, and wire transfers. Plaintiffs and Defendants contacted each other by telephone regarding rental payments.
After a period of time, Defendants defaulted on the rental payments and moved out of the house. Plaintiffs filed suit against Defendants for past due rents in Iberia Parish, asserting personal jurisdiction over Defendants pursuant to the long-arm statute. The lease provides that venue is proper in Iberia Parish, Louisiana.
ISSUES
1) Were Defendants' contacts with the State of Louisiana sufficient to confer personal jurisdiction over them to a Louisiana court?
2) Did the venue provision of the lease confer personal jurisdiction over Defendants to a court of Louisiana?

PERSONAL JURISDICTION
In the case of Aetna Casualty & Surety Co. v. Continental Western Insurance Co., 97-206 (La.App. 3 Cir. 12/10/97); 704 So.2d 900, writ denied, 98-0077 (La.3/13/98); 712 So.2d 884, this court *798 thoroughly discussed in detail the contacts necessary for a court of this state to assert personal jurisdiction over a non-resident. The discussion therein is applicable to the facts of this case, and we quote pertinent parts of that discussion:
Louisiana's long-arm statute, La.R.S. 13:3201, authorizes the exercise of personal jurisdiction by a Louisiana court to the limits allowed by constitutional due process. Superior Supply Co. v. Associated Pipe and Supply Co., 515 So.2d 790 (La.1987). Thus, our only inquiry into jurisdiction over the person of a nonresident is whether the requirements of constitutional due process have been met. Id.

Due process requires that a nonresident have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). This protects the nonresident's liberty interest in not being bound by the judgments of states with which it has established no meaningful "contacts, ties or relations." Id.; Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (1985).
. . . .
A nonresident has the necessary contacts with the forum state where it has a contract with a substantial connection to the forum state. McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). In the specific area of interstate contracts, where a party has reached out beyond its domiciliary state and has created continuing obligations and relationships with citizens of another state, that party is subject to the regulations and sanctions in the other state for the consequences of its actions. Burger King Corp., 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528.
The nonresident must have purposefully availed itself of the privilege of conducting activities within the forum state such that it can be said it should have reasonably anticipated being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-1240, 2 L.Ed.2d 1283 (1958), the court stated, and in Burger King Corp., 471 U.S. 462, 474-475, 105 S.Ct. 2174, 2183, the court reemphasized the following:
The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. [Emphasis added.]
The "purposeful availment" requirement ensures that the defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. de Reyes v. Marine Mgt. and Consulting, 586 So.2d 103 (La.1991).
There has developed a two-part test in personal jurisdiction analysis. First, it must be shown that the defendant has established minimum contacts with the forum state-i.e., it has purposefully directed its activities at the residents of the forum state. Once that is shown, "a presumption arises that jurisdiction is reasonable and the burden of proof and persuasion shifts to the defendant opposing jurisdiction to present `a compelling case that the presence of some other considerations would render jurisdiction *799 unreasonable.'" de Reyes, 586 So.2d at 106.
Aetna Cas. & Sur. Co., p. 4-6; 704 So.2d at 902-03 (bold in original; italics added).
Defendants filed affidavits in which they detailed their only contacts with the State of Louisiana. Prior to the lease agreement with Plaintiffs, Defendants' only prior contacts with the State of Louisiana were visits with family members in New Orleans. Mr. Haspel visited on four occasions, and Mrs. Haspel visited on two occasions. Prior to the lease agreement, Defendants were residents of Dallas, Texas, for thirteen years. They signed the lease agreement in Dallas, Texas. Their only contacts with Louisiana regarding this lease contract have been by telephone, fax, mail, or express mail.
We do not believe that Defendants' contacts with the State of Louisiana are sufficient for our courts to exercise jurisdiction over them. In our opinion, the lease agreement is not a "contract with a substantial connection" to this state. The lease agreement pertains to immovable property situated in Dallas, Texas. We do not see this as a situation in which Defendants purposefully availed themselves of the privilege of conducting their business in Louisiana, such that they would expect to be sued in a court of Louisiana and have to defend themselves before that court.
Rather, we see this as the reverse of the situation contemplated by the court in the Burger King case. In this case, the Calahans, owners of immovable property in Dallas, Texas, wanted to sell their property. They advertised the property for sale in a local newspaper, made themselves available at the property to meet with potential purchasers/lessees, and negotiated the lease agreement while in Texas. We view the actions of the Calahans, not the Haspels, as reaching out beyond their domiciliary state to create a continuing relationship with citizens of Texas.
In our opinion, Defendants' contacts with the State of Louisiana were in the nature of being fortuitous and attenuated. Their interest was in immovable property situated in Dallas, Texas. The contract they entered into was for the lease and option to purchase the Dallas, Texas property. It was merely fortuitous that the owners of the property were residents of Louisiana and that payments would be made to Plaintiffs in Louisiana. We conclude that to exercise personal jurisdiction over Defendants in this situation would offend the "traditional notions of fair play and substantial justice" prohibited by International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95.

VENUE
Plaintiffs argue that, by virtue of the venue selection provision contained in the lease, Defendants waived any objection to the assertion of personal jurisdiction by a court in Iberia Parish, Louisiana. This argument is not supported by citation to any statutory or jurisprudential basis.
Forum selection clauses are legal and binding. The party seeking to have a forum selection clause set aside bears a heavy burden of proof. Digital Enterprises, Inc. v. Arch Telecom, Inc., 95-30 (La. App. 5 Cir. 6/28/95), 658 So.2d 20. "[S]uch clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be `unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972).
We have already determined that it would be unreasonable for a Louisiana court to assert personal jurisdiction over Defendants. For the same reasons, we find that it would be unreasonable to uphold the forum selection provision of the lease. The contacts of Defendants with the State of Louisiana were not established by Defendants purposefully directing their activities toward citizens of Louisiana. All of Defendants' contacts with Louisiana concerned immovable property situated in Dallas, Texas, which happened *800 to be owned by Louisiana residents. This is not a complicated contract between sophisticated business people. It is a contract for the lease of residential property. It is unreasonable to believe that individuals renting residential property in Dallas, Texas, would expect to have to come to New Iberia, Louisiana, to defend a suit for past due rent.
The judgment of the trial court granting Defendants' exception of lack of personal jurisdiction and dismissing Plaintiffs' suit is affirmed. Costs of this appeal are assessed to Plaintiffs.
AFFIRMED.