United States Court of Appeals,
Fifth Circuit.

No. 94-10463.

KEVLIN SERVICES, INC., Plaintiff-Appellant,

v.

LEXINGTON STATE BANK, Defendant-Appellee.

Feb. 27, 1995.

Appeal from the United States District Court for the Northern
District of Texas.

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Kevlin Services, Inc. ("Kevlin"), appeals
the district court's granting of Defendant-Appellee Lexington State
Bank's ("Lexington") motion to dismiss. Kelvin argues that the
district court erred in failing to enforce a valid and enforceable
choice of forum provision in the contract between the parties
providing for venue in Dallas County, Texas. We REVERSE AND
REMAND.

I.

On May 24, 1993, Kevlin, a Texas corporation with its
principal place of business in Dallas County, Texas, and Lexington,
a banking institution organized and existing under the laws of the
State of North Carolina with its principal place of business in
Lexington, North Carolina, executed a contract in which Lexington
contracted with Kevlin to administer benefit services to Lexington
customers who participated in their "BanClub" program. In exchange
for Kevlin's services under the contract, Lexington was to promote

1

the BanClub program to its customers and pay Kevlin a monthly fee based on the total number of customers who participated in the BanClub program.  The pre-printed form contract contains a choice of forum provision stating:

> This contract shall be interpreted and construed in accordance with the laws of the State of Texas.  The legal venue of this contract and any disputes arising from it shall be settled in Dallas County, Texas.

Prior to the contract's effective date of October 1, 1993, Lexington notified Kevlin that it was withdrawing its acceptance of the contract.

On January 19, 1994, Kevlin filed suit in Dallas County, Texas alleging breach of contract.  On February 18, 1994, Lexington removed the case to federal court on grounds of diversity. Lexington filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue.  The district court dismissed the case on April 7, 1994 on the grounds that Kevlin failed to adduce evidence of minimum contacts in the State of Texas by Lexington to support the exercise of personal jurisdiction, and that the choice of forum provision in the contract was ambiguous.  Kevlin subsequently filed a motion to alter or amend the judgment which was denied on April 25, 1994.

## II.

We review *de novo* the district court's granting of a motion to dismiss for lack of personal jurisdiction.[1]  The plaintiff bears

---

[1]*Wilson v. Belin,* 20 F.3d 644, 647-48 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994) (citing *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990)).

the burden of establishing the court's personal jurisdiction over the nonresident defendant.[2] "When the district court rules on the motion without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper."[3]

### III.

Kevlin contends that the district court erred in dismissing the case for lack of personal jurisdiction over Lexington because the contract between Kevlin and Lexington contains a valid and enforceable choice of forum provision. Specifically, Kevlin argues that the language of the provision unambiguously states an effective designation of an exclusive forum, and that because Lexington signed the contract it is bound to the contract terms. Therefore, Lexington has waived any objection to venue and personal jurisdiction.

A forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable.[4] This rule also applies to form contracts containing a choice of forum provision.[5] Our review of the language of the contract between Kevlin and Lexington reveals

---

[2]*Id.; see also Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir.1985).

[3]*Id.* (citing *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir.1985)).

[4]*M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972).

[5]*See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 1527, 113 L.Ed.2d 622 (1991).

no ambiguity in the interpretation of the language of the choice of forum provision. We find that the only reasonable interpretation is that the law of the State of Texas applies and that proper venue lies in Dallas County, Texas. Because Lexington has failed to sufficiently prove that the enforcement of the choice of forum provision would be unreasonable due to fraud or overreaching, we find that the choice of forum provision validly contracts for venue in Dallas County, Texas, thereby granting the district court jurisdiction over Lexington. Accordingly, we find that the district court erred in refusing to enforce the choice of forum provision of the contract executed between Kevlin and Lexington and in dismissing the case for lack of personal jurisdiction.

IV.

Because we find that the choice of forum provision contained in the contract between Kevlin and Lexington is valid and enforceable, we REVERSE the judgment of the district court and REMAND for proceedings consistent with this opinion.

4