## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 2000-CA-00014-SCT

*TEL-COM MANAGEMENT, INC.*

*v.*

*WAVELAND RESORT INNS, INC. d/b/a HOLIDAY INN WAVELAND*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/21/1999 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GAIL A. CROWELL |
| ATTORNEY FOR APPELLEE: | CARTER O. BISE |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 02/01/2001 |
| MOTION FOR REHEARING FILED: | 2/12/2001; denied 4/12/2001 |
| MANDATE ISSUED: | 4/19/2001 |

**EN BANC.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This case is on appeal from a judgment denying full faith and credit to a foreign judgment from Louisiana involving a Mississippi corporation and a contract executed in Mississippi. In negotiations both parties agreed that the forum for any suit based on the contract would be Louisiana. Tel-Com Management, Inc. ("Tel-Com") filed suit in Louisiana and obtained process on Waveland Resorts Inns, Inc., d/b/a Holiday Inn Waveland ("Waveland"), a Mississippi corporation, and Waveland failed to respond to the process. Tel-Com obtained a default judgment against Waveland on September 29, 1998. Tel-Com proceeded to enroll this judgment in the Circuit Court of Hancock County but the trial judge dismissed the lawsuit finding the judgment to be improper and void and further ordered the judgment to be stricken from the judgment rolls. The primary question before us is whether two commercial sophisticated corporations can decide what forum is to resolve any and all disputes after an arms length contract is negotiated. We hold that they can. We reverse the trial court and remand with instructions to enroll the judgment.

### STATEMENT OF THE FACTS

¶2. On or about January 17, 1997, Waveland Resort Inns, Inc., d/b/a Holiday Inn Waveland ("Waveland") , entered into a contract with Tel-Com Management, Inc. ("Tel-Com"), in which Tel-Com agreed to design and operate a telephone operating system for Waveland. Waveland is a Mississippi corporation with its principal place of business in Mississippi, and Tel-Com is a Louisiana corporation with its principal place of business in Louisiana. The contract signed by the two parties was called the "Operator Service Agreement, " and it contained a forum selection clause on page 2, section 6, which is not in fine print. The forum selection clause stated that, "**this Agreement shall be interpreted in accordance with the State of Louisiana. It is agreed by the parties hereto that any cause of action or suit based upon this agreement must be brought in the State of Louisiana, Parish of East Baton Rouge.**" The operator service agreement consisted of two pages.

¶3. Mark Landry ("Mark"), president of Tel-Com, and Paul Landry ("Paul"), an employee of Tel-Com, met with William R. Lady ("Lady"), president of Waveland, and gathered information for a telephone operating system to be designed and installed for Waveland. After this initial meeting, Mark and Paul returned to their offices in Louisiana and spent approximately 52 hours designing and preparing the operating system. Mark and Paul returned to Waveland, presented the system to Lady, and the above contract was signed.

¶4. After the contract was executed, the system was installed at Waveland's Holiday Inn. Technical support was provided to Waveland via telephone calls made by Lady and Glenda Schneider ("Schneider"), general manager of the Holiday Inn, to Louisiana. Waveland also sent faxes and mail to Tel-Com from Mississippi to Louisiana.

¶5. On or about August 12, 1997, Lady sent a letter to Paul terminating the contract. Tel-Com sued for breach of contract in the Nineteenth Judicial District Court of the East Baton Rouge Parish in Louisiana. Process was had on Waveland, but it did not appear or answer. Tel-Com obtained a default judgment upon Waveland dated September 29, 1998. On March 1, 1999, Tel-Com filed an "Affidavit of Filing Foreign Judgment and Proof of Mailing to Judgment-Debtor" and a "Notice of Filing of Foreign Judgment" in the Circuit Court of Hancock County in Mississippi. Waveland then filed a Response to Summons for Post-Judgment Debtor Examination which included a Motion to Quash the judgment on April 30, 1999. Waveland asserted in its Response that the trial court of Louisiana lacked personal jurisdiction over Waveland, and the judgment rendered by that court should be vacated. In an order dated October 21, 1999, Circuit Court Judge Vlahos held the judgment of the Louisiana court void and improper. The judge further ordered the judgment stricken from the judgment rolls of Mississippi.

## STANDARD OF REVIEW

¶6. When the issue presented is one of law instead of one of fact, the standard of review is de novo review. *Ellis v. Anderson Tully Co.*, 727 So. 2d 716, 718 (Miss. 1998). The main issue presented is whether a Louisiana judgment received by a nonresident corporation over a Mississippi corporation should be enforced and given full faith and credit. A secondary issue is whether the Louisiana court had personal jurisdiction over the Mississippi resident to order the judgment. Therefore, the correct standard of review for this case is de novo review.

## STATEMENT OF THE ISSUES

**I. WHETHER A FOREIGN JUDGMENT OBTAINED BY A FOREIGN CORPORATION UPON A MISSISSIPPI CORPORATION SHOULD BE ENFORCED BY FULL FAITH AND CREDIT IN THE STATE OF MISSISSIPPI.**

**II. WHETHER THE DISTRICT COURT OF LOUISIANA HAD PERSONAL JURISDICTION OVER WAVELAND PURSUANT TO THEIR LONG ARM STATUTE.**

**III. WHETHER ENFORCEMENT OF THE FORUM SELECTION CLAUSE WOULD VIOLATE THE PUBLIC POLICY OF MISSISSIPPI.**

**IV. WHETHER ENFORCEMENT OF THE FORUM SELECTION IS CONSISTENT WITH THE PUBLIC POLICY OF LOUISIANA.**

## DISCUSSION

### I. A FOREIGN JUDGMENT OBTAINED BY A FOREIGN CORPORATION UPON A MISSISSIPPI CORPORATION SHOULD BE ENFORCED BY FULL FAITH AND CREDIT IN THE STATE OF MISSISSIPPI WHEN THE FOREIGN COURT HAS PERSONAL JURISDICTION OVER THE PARTIES AND THE CONTRACT IS NOT AN ADHESIVE CONTRACT.

¶7. The foreign judgment Tel-Com received from the District Court of the East Baton Rouge Parish, Louisiana, should be enforced by full faith and credit because the contract between the parties, two commercial entities, contained a valid and enforceable forum selection clause. Forum selection clauses have increased in acceptability with the growth of interstate and international commerce. In the leading case of *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L.Ed.2d 513 (1973), the Supreme Court stated that a "freely negotiated private international agreement" should be given full effect unless compelling reasons exist not to. Among these compelling reasons are fraud, undue influence, or overwhelming bargaining power. *Id.* at 12. Although the *Bremen* case enforced a forum selection clause in a maritime contract, the same principle has been extended to other contexts. *See Hunter Distrib. Co. v. Pure Beverage Partners*, 820 F. Supp. 284, 286 (N.D. Miss. 1993) (citing *Seattle-First Nat'l .Bank v. Manges*, 900 F.2d 795, 799 (5th Cir. 1990); *In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir. 1979)).

¶8. The facts of the *Hunter* case, *supra*, are similar to the facts of the present case. In *Hunter*, the defendant, a beverage distributor from Arizona, contracted with a Mississippi beverage distributor, a Mississippi corporation with its principal place of business in Mississippi, to distribute a new beverage product. *Id.* at 285. The contract between the parties contained a forum selection clause providing for all litigation to take place in Arizona. The contract was eight and one-half pages longs, was single-spaced, and contained no fine print. *Id.* at 286. The court enforced the forum selection clause, noting that although the defendant did not specifically mention the clause to the plaintiff, the clause was visible and the defendant made no effort to conceal it. The court also noted that the plaintiff was a "savvy businesswoman," and that the two companies had sought to reach a mutually beneficial arrangement. Either party in this commercial setting could have objected to the clause in the proposed contract and negotiated for different terms. *Id.* at 286-287. *See also, e.g.*, *Mississippi Chem. Corp. v. Terra Int'l, Inc.* 1996 WL 293764, at * 2 (S.D. Miss. 1996)("Terra, a large corporation, represented by very competent counsel, was a sophisticated purchaser and could have refused the terms."), *appeal dismissed mem.*, 136 F.3d 1329 (5th Cir. 1998).

¶9. The Fifth Circuit decided another factually similar case, *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13 (5th Cir. 1995). In *Kevlin*, a Texas corporation and a North Carolina bank entered into a contract that contained a forum selection clause providing for all litigation to take place in Texas. The Texas corporation argued the district court erred by not enforcing a valid and enforceable choice of forum provision in the contract between the parties providing for venue in Dallas County, Texas. The contract containing the forum selection clause between the two parties was a preprinted form. *Id.* at 14. The Fifth Circuit stated that valid forum selection clauses apply to form contracts and stated, "because Lexington has failed to sufficiently prove that the enforcement of the choice of forum provision would be unreasonable due to fraud or overreaching, we find the choice of law provision validly contracts for venue in Dallas County, Texas, thereby granting the district court jurisdiction over Lexington." *Id.* at 15. In this case, the district court in Texas gained jurisdiction over a North Carolina corporation due to the valid and enforceable forum

selection clause.

¶10. As in both cases, the parties to this contract were corporations and were dealing in commercial or business matters. This negotiation did not involve individuals or consumers with an adhesion contract. The contract in the present case consisted of only two pages, and it was signed by the president of Waveland. The contract in *Hunter* was eight and one-half pages long, yet the forum selection clause in the contract was still enforced. The contract between the parties in the present case and the record show no signs of fraud, unfair dealing, or overreaching on the part of either party. Instead, the record reflects a commercial contract made between two commercial parties for their mutual benefit. Waveland breached the contract, and Tel-Com sued for this breach in the selected forum. The forum selection clause did not include a separate heading entitled "Forum Selection Clause," yet the language of the clause was not in fine print. It was included in the same manner as the other paragraphs of the contract on the second page. Both parties contracted at arm's length. If Waveland found the terms of the forum selection clause objectionable, it had ample time to object and negotiate for more favorable terms.

¶11. As in *Kevlin*, Tel-Com and Waveland entered into an "operator service agreement" on a preprinted form that contained a forum selection clause. As in the *Kevlin* case, absent a showing of fraud or overreaching, this forum selection clause should be upheld between these two commercial parties.

¶12. Waveland states the forum selection clause was "unilaterally foisted" upon it by Tel-Com. As Tel-Com correctly points out in its reply brief, Waveland cannot void the forum selection clause because the clause was not discussed or negotiated between the parties before their signing. As Tel-Com states, "if that were the law, no clause in a written contract would be enforceable unless specifically discussed." We agree with the reasoning of Tel-Com as this idea is affirmed in *Hicks v. Bridges*, 580 So. 2d 743, 746 (Miss. 1991). "To permit a party when sued on a written contract, to admit that he signed it but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts. *Id.* (quoting *Alliance Trust Co. v. Armstrong*, 185 Miss. 148, 163-64, 186 So. 633, 635 (1939)). Waveland cannot be excused from its contract because it just did not know about the forum selection clause. As a commercial entity, Waveland was expected to read and understand all clauses of a contract before signing.

## II. WHETHER THE DISTRICT COURT OF LOUISIANA HAD PERSONAL JURISDICTION OVER WAVELAND PURSUANT TO THEIR LONG ARM STATUTE.

¶13. Waveland asserts that the judgment of the Louisiana court should not be enforced because Tel-Com did not have minimum contacts with Waveland, a Mississippi corporation, sufficient to enforce personal jurisdiction in accordance with Louisiana's long-arm statute. Because Waveland was served with proper notice, and it did not appear or answer the suit brought by Tel-Com in Louisiana, it cannot avoid the judgment by asserting lack of personal jurisdiction now.

¶14. First, Waveland misstates the requirements for asserting a personal jurisdiction defense as stated in Rule 12(h) of the Mississippi Rules of Civil Procedure.[1] Contrary to Waveland's statements in its brief, personal jurisdiction may not be raised for the first time on appeal and <u>may</u> be waived by the parties. A defense of lack of personal jurisdiction is waived if it is not raised in some form, such as a motion before the trial court. If a party makes a motion but omits a defense such as lack of personal jurisdiction, this defense may not be raised at a later time. La. C.C.P. Art. 928 (West 2000)("The declinatory exception shall be pleaded prior to or in the answer . . . and in any event prior to the conformation of a default judgment . . .");

*see also* M.R.C.P. 12(g).

¶15. Second, in its October order, the Circuit Court of Hancock County, fails to cite all the elements of Louisiana's long arm statute. Judge Vlahos failed to recognize that the 1987 amendment to Louisiana's long-arm statute extended personal jurisdiction over a nonresident under the long-arm statute on any basis consistent with the United States Constitution. La. Rev. Stat. Ann. §13:3201(B) (West 1991). Therefore, the only rule by which to measure the scope of the personal jurisdiction of the Louisiana court would be under the requirements for personal jurisdiction as set forth by the United States Supreme Court.

¶16. This Court has recognized the standards for constitutional due process in the context of personal jurisdiction as set forth by the United States Supreme Court in ***Cappaert v. Walker, Bordelon, Hamlin, Theriot and Hardy***, 680 So. 2d 831 (Miss. 1996). "A defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." ***Cappaert***, 680 So. 2d at 834 (citing ***International Shoe Co. v. Washington,*** 326 U.S. 310, 316, 66 S. Ct 154, 158, 90 L.Ed. 95 (1945), "A defendant's contacts with the forum state must be such that he should reasonably anticipate being haled into court there." ***Cappaert***, 680 So. 2d at 835 (citing ***World-Wide Volkswagen Corp. v. Woodson***, 444 U.S. 286, 291, 100 S. Ct. 559, 564, 62 L.Ed.2d 490 (1980)).

¶17. The two constitutional due process requirements cited in ***Cappaert*** are easily satisfied in this case. The two parties are business entities, corporations, operating in what appears to be normal contract negotiations. The record shows no signs of the contract being adhesive nor the actions by Tel-Com being overreaching. The contract is only two pages long with no fine print, and the president and general manager of Waveland had an opportunity to review the contract prior to signing. The forum selection clause does no offend "traditional notions of fair play and substantial justice."

¶18. In addition, the two cases cited by the circuit court were Louisiana cases decided prior to the amendment to the Louisiana long-arm statute. Therefore, the reasoning of the circuit court is faulty, and the judgment from the Louisiana court should have been upheld.

### III. WHETHER ENFORCEMENT OF THE FORUM SELECTION CLAUSE WOULD VIOLATE THE PUBLIC POLICY OF MISSISSIPPI.

¶19. Waveland asserts that the enforcement of the forum selection clause in the contract would violate the public policy of Mississippi because it would violate Mississippi Code Ann.§ 75-1-105 (1972). This section provides that Mississippi law shall always govern the rights and duties of the parties with regard to matters involving disclaimers of implied warranties of merchantability or fitness, limitations of remedies for breaches of implied warranties of merchantability or fitness, or the necessity of privity of contract to maintain a civil action for breach of such warranties. Miss. Code Ann. § 75-1-105(1) (Supp. 2000). Waveland argues that because Louisiana has not adopted these provisions of the Uniform Commercial Code, then it would violate the public policy of this state to enforce the forum selection clause.

¶20. The forum selection clause states that this agreement "shall be interpreted in accordance with the state of Louisiana." The very fact that Waveland assented to and agreed to sign a form contract printed by a Louisiana corporation should have put Waveland on notice that these implied warranties may not exist in this contract. Waveland made no objections to the contract as it was prepared by Tel-Com; and therefore, the forum selection clause should be enforced. If Waveland was concerned about whether the provisions of

the Uniform Commercial Code as adopted by this state would apply to any warranties that may be present in the contract, it had ample time and opportunity to object to these provisions not being included. This issue is without merit.

## IV. WHETHER ENFORCEMENT OF THE FORUM SELECTION CLAUSE IS CONSISTENT WITH LOUISIANA PUBLIC POLICY.

¶21. Waveland asserts the forum selection clause in the present case should not be enforced because it violates Louisiana public policy in that it conflicts with a Louisiana case, *Calahan v. Haspel*, 732 So. 2d 796 (La. Ct. App. 1999).

¶22. Whether enforcement of the forum selection clause violates Louisiana's public policy is a question for the courts of Louisiana to decide, not this court. If the district court in Louisiana found that the requisite minimum contacts were present in the facts to support personal jurisdiction over the Mississippi corporation, then its judgment is entitled to full faith and credit in our state. Surely, if the tables were reversed, this state would expect the same deferential treatment by the courts in Louisiana. This issue is without merit.

## CONCLUSION

¶23. The forum selection clause between the two commercial parties in this case should be enforced, and the Louisiana judgment should be given full faith and credit. Absent a showing of fraud of overreaching, the forum selection clause should be enforced. Both parties were negotiating at arm's length, the clause was not hidden from Waveland, and the clause was not in fine print. As a commercial entity which often contracts, Waveland should have objected to the clause if it did not expect to be held to its standards.

¶24. For these reasons, the judgment of the Hancock County Circuit court is reversed, and this case is remanded to that court so that the Louisiana judgment received by Tel-Com may be enrolled and enforced in the state of Mississippi.

¶25. **REVERSED AND REMANDED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, WALLER AND DIAZ, JJ., CONCUR. COBB, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. MILLS AND EASLEY, JJ., NOT PARTICIPATING.**

1. It is unclear from Waveland's brief whether the analysis concerns subject matter jurisdiction or personal jurisdiction, but personal jurisdiction is the relevant issue to this case.