### Robert E. BERG

v.

### SAGE ENVIRONMENTAL CONSULTING OF AUSTIN, INC.

#### No. CIV.A.04–885–B–2.

United States District Court, M.D. Louisiana.

June 8, 2005.

---

Dale R. Baringer, Schaneville & Baringer, Baton Rouge, LA, for Robert E. Berg.

Howard E. Sinor, Jr., Gordon, Arata, McCollam, Duplantis & Eagan, New Orleans, LA, for Sage Environmental Consulting of Austin, Inc.

## RULING ON MOTION TO TRANSFER VENUE

POLOZOLA, Chief Judge.

This matter is before the Court on the defendant's Motion to Transfer Venue.[1] The motion is opposed.[2] For reasons which follow, defendant's motion to transfer is granted and this case is transferred to the Northern District of Texas.

### I. Factual Background

The plaintiff Robert E. Berg was an employee of Sage Environmental Consulting of Austin, Inc. ("Sage") from on or about July 8, 2003, to on or about June 18, 2004. After becoming dissatisfied with his job, plaintiff resigned his position with Sage in 2004. Berg has now filed this suit seeking compensation allegedly owed to him at the time of his termination, including vacation pay, holiday pay, sick pay, deferred compensation, a signing bonus, and penalty wages for failure to timely remit payment to Berg without just cause.[3] The plaintiff also seeks indemnification for all legal fees incurred by him with respect to an earlier dispute involving the plain-

1. *Id.*

2. Rec. Doc. No. 11.

3. Rec. Doc. No. 1.

tiff's previous employer. The defendants have filed a motion to transfer venue, arguing that the forum selection clause contained in Sage's Articles of Incorporation dictate the proper venue in this case to be the United States District Court for the Northern District of Texas.

## II. Defendant's Position

In support of its motion to transfer venue, Sage argues that its Articles of Incorporation require that any claim for indemnification sought by an employee must be brought in the county where Sage maintains its principal office, which is Dallas County, Texas.[4] Sage also contends that the Northern District of Texas is the most convenient forum to try this case because the majority of the witnesses involved with the hiring of the plaintiff, as well as most of the records involved with this litigation, are located in Texas. The defendant states that the convenience of the witnesses, public interest, and systemic integrity and fairness all support its motion to transfer this action to the United States District Court for the Northern District of Texas.[5]

## III. Plaintiff's Position

The plaintiff opposes defendant's motion on several grounds. The plaintiff argues

that he was unaware of the forum selection clause in Sage's Articles of Incorporation, and litigating this matter in Dallas County, Texas, would create a significant financial hardship on him. Sage also contends that the Middle District of Louisiana is a more convenient forum to try this case because Sage's offices are located in Baton Rouge, Louisiana, the files pertaining to the work he did on the project in question are located there, and the key witnesses in this matter regularly travel to Louisiana to do business with Sage. The plaintiff also argues that Louisiana has a strong public policy against forum selection clauses in employment contracts, and thus, the forum selection clause should be given little weight in the Court's ruling on this motion.[6] In summary, plaintiff contends the convenience of the parties and witnesses and the interest of justice all support a ruling that defendant's motion to transfer should be denied.[7]

## IV. Law and Analysis

### A. Venue

Because this action is based solely on diversity jurisdiction, 28 U.S.C. § 1391(a) applies.[8] It is clear that Sage would be

---

4. Sage's principal office is in Richardson, Texas.

5. Rec. Doc. No. 6.

6. The plaintiff argues that La. R.S. 921(a)(2) dictates Louisiana's strong public policy against forum selection clauses, and therefore should guide this Court in declining to enforce the forum selection clause at issue in this case. Specifically, the Louisiana statute provides as follows:

 The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employ-

ment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, **shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.**

7. Rec. Doc. No. 11.

8.

 A civil action wherein jurisdiction is founded only on diversity of citizenship may,

subject to personal jurisdiction in Texas as well as Louisiana, because its principal office is in Texas, and it maintains offices in Louisiana. Therefore, this action could have been brought in both the Middle District of Louisiana and the Northern District of Texas. Thus, the Court must determine what effect, if any, the forum selection clause has on defendant's motion to transfer.

## B. Forum Selection Clause

The seminal issue in the case on the pending motion to transfer is whether the Court should enforce the forum selection clause contained in Sage's Articles of Incorporation. The specific provision states:

### ARTICLE 9

Any officer, director, or employee who is entitled to indemnification from the Corporation may make a written demand to the Board of Directors by serving the written demand on the President of the Secretary (unless the President and the Secretary are both making the demand, in which case service may be made on any other officer of the Corporation). If the Board of Directors does not, within fifteen (15) days after service of the written demand, determine that the offi-

cer, director, or employee is entitled to indemnification, the officer, director, or employee may, within sixty (60) days following the date of service of the demand, **apply to a court of general jurisdiction in the country where the Corporation maintains its principle [sic] office to consider whether or not the officer, director, or employee has met the standards set forth in the Bylaws of the Corporation as to the permissibility of indemnification.** If the court determines that the conduct of the officer, director or employee was such as to meet those standards, the court shall order the Corporation to indemnify the officer, director, or employee to the same extent as if the Board of Directors had originally made the determination.[9]

Defendant argues that because the plaintiff seeks indemnification for his previous legal dispute involving a former employer, Article 9 applies, and this case should be transferred to the Northern District of Texas. Plaintiff argues that the forum selection clause is only one factor for the Court to consider, and considering Louisiana's public policy against forum selection clauses [10] the convenience of the witnesses and the interests of justice dic-

except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial party of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

. . . . .

(C) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdic-

tion at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

9. Rec. Doc. No. 6. (Emphasis added).

10. LSA–R.S. 9:2779.

tate that the case should remain in the Middle District of Louisiana.

In deciding this motion the Court must apply the provisions of 28 U.S.C. § 1404 since venue is proper in both the original and requested venue under federal law. Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This Court has exhaustively set forth the law to be applied in a case involving a forum selection clause in *The Shaw Group v. Natkin & Company.*[11]

In *Shaw Group*, the Court, relying heavily on the U.S. Supreme Court's decision in *Stewart Organization, Inc. v. Ricoh Corp.,*[12] summarized the applicable standard as follows:[13]

*204 In *Stewart Organization, Inc. v. Ricoh Corp.,* the United States Supreme Court held that federal law, specifically section 1404(a), governed the district court's decision to transfer a diversity action to the venue provided for in the contract's forum selection clause. [FN4] In addition, the Court recognized that section 1404(a) endows district courts with discretion to decide motions to transfer on an individualized, case-by-case basis, in accordance with the standards established by that section. [FN5] Such standards include "the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private

concerns, come under the heading of 'the interest of justice.'" [FN6]

Thus, within the framework of a section 1404(a) analysis, the forum selection clause evidences the parties' preference regarding a convenient forum. Although such clauses are not dispositive, the *Stewart* court noted that their presence in a contract is a "significant factor that [should figure] centrally in the district court's calculus" of the above mentioned case-specific factors. [FN7] Since the forum selection provision is critical to the Court's section 1404(a) analysis, the Court will first examine that clause of the parties' subcontract.

\* \* \* \* \* \*

In deciding whether a state or federal law should apply in adjudicating a motion to transfer a case based on a contractual forum-selection clause, the U.S. Supreme Court in the *Stewart* case stated:[14]

Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness."[15] A motion to transfer under 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. **The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus.**

Thus, the Supreme Court clearly indicated that the forum selection clause should be a significant factor in the district court's de-

11. 907 F.Supp. 201 (M.D.La.1995).

12. 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

13. *Id.,* 907 F.Supp. at 204.

14. *Stewart, supra,* note 9, at 29, 108 S.Ct. 2239, citing *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964).

15. *Stewart, supra,* note 9, at 29, 108 S.Ct. 2239, citing *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964).

termination of a motion to transfer venue under section 1404(a). Furthermore, the Supreme Court noted in *Stewart* that "[o]ur determination that § 1404(a) governs the parties' dispute notwithstanding any contrary [state] policy makes it unnecessary to address the contours of state law." [16]

■ In *Shaw*, the Court held that as outlined by the *Stewart* Court, the basic factors which must be considered by the Court are: (1) the convenience of the parties; (2) the convenience of the witnesses, and (3) the interest of justice. When considering what is in the interest of justice in the *Stewart* framework, the forum selection clause should be considered as a significant factor in the Court's section 1404(a) analysis. Thus, in *Shaw* the Court stated:

> In the Court's opinion, it is the third factor which indicates that transfer to Tennessee is appropriate. In short, but for the forum selection clause, the Court would likely deny the motion to transfer. However, enforcing a parties' contractual obligations is exactly the type of consideration that falls within the "interest of justice" rubric. [17] Although federal courts ordinarily accord a plaintiff's forum choice considerable weight, [18] the presence of a forum selection clause mandates a different analysis. In the *Stewart* case, following remand and a subsequent appeal, the Eleventh Circuit enforced the forum selection clause. It held that where the parties have entered into a contract which contains such a

clause, the burden of persuasion to establish that the suggested forum is more convenient shifts to the non-movant since the moving party is not trying to limit the plaintiff's right to choose a forum, but is merely attempting to enforce the forum choice the plaintiff has already made. [19] The court reasoned that giving deference to the plaintiff's forum choice would encourage parties to breach their contractual obligations and thereby jeopardize the integrity of the judicial system. [20]

After reviewing the entire record in this case, the Court concludes that the forum selection clause, while not controlling, is the most dispositive significant factor in the Court's decision to transfer because no other factors weighed in favor of the case remaining in Louisiana. Both Louisiana and Texas are proper venues and the witnesses and documents can easily be available in both forums.

As in the *Shaw* case, both parties in this case rely on the United States Supreme Court case *M/S Bremen v. Zapata Off-Shore Co.* [21] The defendant argues that this case supports its argument that "[f]ederal courts must presumptively enforce forum selection clauses." [22] The plaintiff contends that the defendant "overstates" the significance of the *M/S Bremen* case and notes it is distinguishable from the case at bar because "[i]n contrast to the freely negotiated private international agreement negotiated at arms length between sophisticated parties [in *M/S Bremen*], the choice of forum clause which the defendant

---

16. *Stewart, supra,* note 9, n. 9.

17. *Id.,* citing *Stewart, supra,* note 9, at 33, 108 S.Ct. 2239.

18. *Shaw, supra,* note 12, citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981).

19. *Shaw, supra,* note 12, citing *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir.1989).

20. *Shaw, Id.,* citing *Ricoh, supra,* note 15.

21. 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

22. Rec. Doc. No. 6.

seeks to rely upon in this case was completely unknown to the plaintiff at the time of the negotiations on his employment contract."[23]

It should be noted that this Court in *Shaw* addressed this issue directly:

Although "instructive," the *Bremen* opinion does not control the matter before the Court.[24] For this Court's purposes, *Bremen* supports the prima facie validity of forum choice clauses and indicates that such provisions are to be given significant weight as a legitimate expression of the parties' forum selection.[25]

 Both the plaintiff and those parties who represent the defendant are experienced and sophisticated business people. Venue mandated by a choice of forum clause should be given controlling weight in all but the most exceptional circumstances. No such exceptional circumstances are involved in this case. Nor does the Court find that the plaintiff will be prejudiced if he is required to try this case in the Northern District of Texas considering the fact that the witnesses and exhibits are equally available in both locations and Dallas is a short non-stop flight of approximately one hour from Baton Rouge. The plaintiff's argument that the forum clause is against public policy does not change the Court's decision to transfer this case to the Northern District of Texas. In *Shaw*, this Court addressed this argument as follows:[26]

Shaw's primary opposition to the defendant's motion is that the subcontract's forum selection clause should not be enforced because it runs contrary to Loui-

siana's public policy expressed in Louisiana Revised Statutes 9:2779. However, the Court need not decide whether the forum selection clause at issue is annulled by Louisiana law because the *Stewart* framework makes it unnecessary to address whether state law refuses to enforce such provisions. [FN10] As stated above, the forum selection clause is simply a factor, albeit significant, to be considered by the Court in its overall determination of the section 1404(a) motion. [FN11]

This same rationale applies under the facts of this case.

Furthermore, the Fifth Circuit has enforced forum selection clauses as well. In the very recent case of *Lim v. Offshore Specialty Fabricators, Inc.*,[27] the Fifth Circuit found that an international arbitration clause should be upheld because under the Supremacy Clause, despite the plaintiff's reliance on Louisiana's public policy against forum selection clauses found in LSA R.S. § 23:921(A)(2). A Filipino seaman, who was an employee of a Louisiana corporation that owned the foreign flagged vessel on which he worked, sued his employer for alleged overtime violations. The employer filed a motion to dismiss, stating that the standard terms of the employee's employment contract required arbitration of the claim in the Philippines and that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards required enforcement of the arbitration clause. The Fifth Circuit, noting that "foreign arbitration clauses are deemed a 'subset of foreign forum selec-

**23.** Rec. Doc. No. 11.

**24.** *Shaw, supra,* note 12, citing *Stewart,* 487 U.S. at 28, 108 S.Ct. at 2243.

**25.** *Shaw, supra,* note 12, citing *Kevlin Servs., Inc. v. Lexington State Bank,* 46 F.3d 13, 15 (5th Cir.1995) (citing *M/S Bremen v. Zapata*

*Off–Shore Co.,* 407 U.S. at 10, 92 S.Ct. at 1913).

**26.** 907 F.Supp. at 204.

**27.** 404 F.3d 898, 2005 WL 674910 (5th Cir. 2005)

tion clauses in general,' "[28] held that the Louisiana anti-forum selection clause conflicted directly with the Convention's mandate to enforce arbitration clauses.[29] In conclusion, the court held:

> In sum, on this record, given the strong federal policy in favor of international arbitration agreements in general, and the application of the Convention to the seamen's employment contracts in particular, the overall balance of public policy concerns favors enforcing the arbitration agreements. Plaintiffs do not meet the "high burden of proof" necessary to show public policy renders the arbitration clause unreasonable.[30]

In *Marinechance Shipping, Ltd., v. Sebastian,*[31] the Fifth Circuit also upheld a forum selection clause in seamen's employment contracts, finding it ultimately fair despite the lack of bargaining power of the individual seamen.

## V. Conclusion

The Court finds that the witnesses and the parties will not be inconvenienced if the action is transferred to Texas. The Court also finds that the interest of justice does not weigh heavily in favor of a trial in Louisiana. The exhibits are easily available to the parties no matter which district this trial is held. There are no exceptional circumstances present which would preclude the Court from enforcing the forum selection clause under the facts of this case. Considering all of the facts of this case and the applicable jurisprudence set forth above, the Court believes this case should be transferred to the Northern District of Texas.

Therefore:

IT IS ORDERED that defendant's motion to transfer is granted and this case shall be transferred to the Northern District of Texas.

---

**28.** *Lim, supra,* note 25, quoting *Vimar Seguros y. Reaseguros, S.A. v. M/V SKY REEFER,* 515 U.S. 528, 534, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995).

**29.** *Lim, supra,* note 25, at 6.

**30.** *Id.,* at 8.

**31.** 143 F.3d 216 (5th Cir.1998).