Affirmed and Memorandum Opinion filed March 30, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00855-CV

___________________

 

Gareth Lindsey, Appellant

 

V.

 

RGK Consultants, LLC, Appellee



 



 

On
Appeal from the 56th District Court

Galveston County,
Texas



Trial Court Cause No. 09CV0532

 



 

 

MEMORANDUM OPINION

Appellant Gareth Lindsey challenges
the trial court’s order denying his special appearance.  See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(7) (Vernon 2008).  We affirm.   

Background

In 2008, Lindsey and RGK Consultants, LLC signed a
contract in which RGK agreed to provide expert legal witness services for a
personal injury case being litigated in Alabama.  Lindsey is an Alabama
resident and a licensed Alabama attorney.  RGK is a Texas company that provides
expert legal witness services regarding bus, automobile, and truck collisions. 
The contract contains a clause (the “Clause”) stating as follows: “Venue: For
any litigation regarding this contract the venue will be Galveston, Texas.” 

RGK sued Lindsey on April 16, 2009, alleging Lindsey
breached the contract.  Lindsey filed a special appearance on August 10, 2009. 
After holding a hearing, the trial court denied Lindsey’s special appearance in
an order signed on September 11, 2009.  The trial court did not sign findings
of fact or conclusions of law.    

Standard of Review

Determining whether a trial court has personal
jurisdiction over a defendant presents a question of law subject to de novo
review.  BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex.
2002).

Trial courts frequently must resolve fact questions
before deciding the jurisdictional question.  Id.  If the trial court
does not sign findings of fact and conclusions of law, all facts necessary to
support the trial court’s ruling and supported by the evidence are implied in
favor of the trial court’s decision.  Id. at 794-95.  When the appellate
record includes the reporter’s record and the clerk’s record, parties may
challenge the legal and factual sufficiency of these implied findings.  Id.  If
the appellate court determines that the trial court’s findings are supported by
sufficient evidence, or if the material facts are undisputed, then the appellate
court decides as a matter of law whether those facts negate all bases for
personal jurisdiction.  Id.

The plaintiff bears the initial burden of pleading
sufficient allegations to bring a nonresident within the provisions of the Texas
long-arm statute.  Id.; Cerbone v. Farb, 225 S.W.3d 764, 766-67
(Tex. App.—Houston [14th Dist.] 2007, no pet.).  The burden then shifts to the
nonresident defendant to negate all bases of personal jurisdiction asserted by
the plaintiff.  Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 574
(Tex. 2007); Cerbone, 225 S.W.3d at 767.

The court will not resolve merits-based questions on
appeal regarding a special appearance.  Pulmosan Safety Equip. Corp. v. Lamb,
273 S.W.3d 829, 839 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).       

Analysis

            RGK asserts that
personal jurisdiction is established with respect to Lindsey because he
consented to jurisdiction in Texas pursuant to a forum selection clause. 
Alternatively, RGK argues that Lindsey waived his special appearance by
“invoking the jurisdiction of the Galveston district court by pleading a
defense to non-payment of RGK based on RGK’s inadequate expert witness services
. . . .”    

A mandatory forum selection clause
is one of several ways a litigant may consent to personal jurisdiction in a
forum.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n. 14
(1985).  If a litigant signs a contract containing a mandatory forum selection
clause, then that litigant has either consented to personal jurisdiction or
waived the requirements for personal jurisdiction in that forum.  Id.; Tri-State
Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P., 184 S.W.3d 242, 248 (Tex.
App.—Houston [1st Dist .] 2005, no pet.).  The Clause states that “[f]or
any litigation regarding this contract the venue will be Galveston, Texas.” 
Lindsey argues that the Clause merely consents to Texas “for the purposes of
venue” but does not “waiv[e] personal jurisdiction in [Texas].”  Lindsey
asserts that there must be an express waiver of his right to challenge personal
jurisdiction, and that the Clause contains no express consent by Lindsey to the
exercise of personal jurisdiction over him by Texas courts in Galveston.  

Although the Clause does not contain language
expressly consenting to personal jurisdiction, no such language is needed. The
Clause is a mandatory forum selection clause, and even if such a clause does
not contain an express consent by the parties to the exercise of personal
jurisdiction by courts in the selected forum, such consent is implied.  See
Burger King Corp., 471 U.S. at 473 n. 14 (a forum selection clause is one
of several ways a litigant may consent to personal jurisdiction in a forum); Kevlin
Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 14–15 (5th Cir.
1995) (reversing dismissal for lack of personal jurisdiction and relying on
mandatory forum selection clause that did not contain express language
consenting to the exercise of personal jurisdiction by courts in the selected
forum); Tri-State Bldg. Specialties, Inc., 184 S.W.3d at 248 (if a party
signs a contract containing a forum selection clause, then that party has
either consented to personal jurisdiction or waived the requirements for
personal jurisdiction in that forum).[1] 


A trial court must enforce a mandatory forum selection
clause unless the party opposing enforcement clearly shows that: (1) the clause
is invalid for reasons of fraud or overreaching; (2) enforcement would be
unreasonable or unjust; (3) enforcement would contravene a strong public policy
of the forum where the suit was brought; or (4) the selected forum would be
seriously inconvenient for trial.  In re Int’l Profit Assocs., Inc., 274
S.W.3d 672, 675 (Tex. 2009); see M/S Bremen v. Zapata Off-Shore Co., 407
U.S. 1, 15-17 (1972).  Lindsey does not argue that the Clause is invalid or
unenforceable for any of these enumerated reasons.  

            Under the Clause,
Lindsey consented to the exercise of personal jurisdiction over him by courts
in Galveston, Texas for litigation regarding the contract.  Therefore, the
trial court did not err in denying Lindsey’s special appearance. 

Conclusion

We affirm the trial court’s September 11, 2009 order
denying Lindsey’s special appearance.[2]  
                                                

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

 

 









[1] Lindsey also argues that
the Clause does not state that Galveston is the “exclusive” venue.  Parties
need not use this word to agree to a mandatory forum selection clause. See
Kevlin Servs., Inc., 46 F.3d at 14–15; In re Fireman’s Fund Ins. Co.,
588 F.2d 93, 94–95 (5th Cir. 1979).  The parties specified a single venue in
Galveston, Texas, and they required that Galveston will be the venue for any
litigation regarding the contract.  Under the plain meaning of the Clause, it
is a mandatory forum selection clause.  See Kevlin
Servs., Inc., 46
F.3d at 14–15; In re Fireman’s Fund Ins. Co., 588 F.2d at 94–95. 






[2]
Because we
conclude that Lindsey consented to jurisdiction in Texas under the contract’s
mandatory forum selection clause, we need not address RGK’s argument that
Lindsey waived his special appearance.  See Moki Mac River
Expeditions, 221 S.W.3d at 574; Cerbone, 225 S.W.3d at 767.